

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2007

# Crow v. Washington

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Crow v. Washington" (2007). *2007 Decisions.* Paper 900.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/900

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5364
_____

MARGARET CROW,

Appellant

v.

COUNTY OF WASHINGTON; WASHINGTON COUNTY CORRECTIONAL
FACILITY; WARDEN JOSEPH PELZER; C.O. (F.N.U.) HAMPTON;
C.O. (F.N.U.) PLUCKETT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-01855)
District Judge:  The Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2007

Before: FISHER, NYGAARD, and ROTH, Circuit Judges.

(Filed   June 21, 2007 )

_____

NYGAARD, Circuit Judge.

The District Court dismissed Margaret Crow's action against the Washington County Corrections Facility and its staff because she failed to serve notice of the commencement of her suit before the applicable statute of limitations expired. We will affirm.

I.

Crow, while incarcerated at the Washington County Correctional Facility, fell and injured her finger, because, she claims, the facility's staff made her wear flip-flops that were two sizes too large. She maintains she suffered a permanent injury to her finger which limits her ability to engage in common household activities such as writing or peeling potatoes.

On May 5, 2003, exactly two years after her fall, Crow's counsel filed a *praecipe* for a writ of summons in the Washington County Court of Common Pleas. Her counsel made no effort to serve notice upon the appellees until July 2, 2004, when he filed a *praecipe* to reissue the writ of summons. The appellees filed a rule to file complaint on August 19, 2004. Crow then filed a complaint and demand for jury trial, claiming violations of her constitutional rights pursuant to 42 U.S.C. §1983, and negligence under Pennsylvania law. The defendants removed the case to the District Court, and eventually

moved to dismiss the action because of Crow's failure to serve the first writ of summons. Magistrate Judge Lisa Pupo Lenihan issued a report and recommendation that the District Court grant the appellees' motion. The District Court adopted her recommendation and dismissed the action. Crow filed a timely appeal.

## II.

Pennsylvania law requires that a plaintiff commence a tort action and serve the defendant with notice within two years of the underlying event. The appellees never received notice of the commencement of the litigation until July, 2004, over three years after Crow sustained her injury. Crow's counsel maintains that he initially chose not to serve them with the first writ of summons because he was unable to locate Crow, and his professional responsibilities required him to confer with her before pursuing the matter further. His duty when he filed the first *praecipe* was to comply with the law and serve notice to the appellees. Instead, he made no attempt at all to serve the original writ.

Crow also contends that the District Court should have permitted her to perfect service of process pursuant to 28 U.S.C. §1448. We disagree. Crow's suit was time-barred by Pennsylvania's statute of limitations prior to removal. She cannot use §1448 to resurrect it.

## III.

We conclude that Crow failed to make a good faith effort to serve notice in compliance with the applicable statute of limitations. We will affirm the District Court's order.